IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                  No.    CV 16-0622 JCH/LAM  
                                                                   CR 12-2836 JCH

PERMANUEL CASTILLO,

    Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant's (hereinafter "Defendant") *Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255* [*Doc. 1*],[2] filed on June 21, 2016. Plaintiff/Respondent (hereinafter "the Government") filed a response on August 29, 2016 [*Doc. 6*], and Defendant filed a reply on December 13, 2016 [*Doc. 13*]. United States District Judge Judith C. Herrera referred the claims raised in this case to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary. [*Doc. 14*]. Having considered the motion, response, reply, relevant law, and the record in this case and in Defendant's

---

[1] **Within fourteen (14) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed. Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.**

[2] Hereinafter, all documents from Case No. CIV-16-0622 cited in this decision will be designated as "*Doc.*" followed by their docket number, and all documents from Case No. CR-12-2836 cited in this decision will be designated as "*Cr.Doc.*"

underlying criminal case contained in Case No. CR-12-2836, the undersigned recommends, for the reasons set forth below, that Defendant's § 2255 motion [*Doc. 1*] **DENIED** and that this case be **DISMISSED with prejudice**.

## Factual and Procedural Background

On April 13, 2013, pursuant to a Plea Agreement [*Cr.Doc. 31*], Defendant pled guilty to Count 3 of an Indictment [*Cr.Doc. 14*], which charged him with: (1) Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 1153 and 113(a)(3);[3] (2) Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6); and (3) Use of a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). As part of the plea agreement, Defendant waived his appeal rights. *See* [*Doc. 31* at 6]. The waiver reads, in its entirety:

> The Defendant is aware that 28 U.S.C. § 1291 and 18 U.S.C. § 3742 afford a Defendant the right to appeal a conviction and the sentence imposed. Acknowledging that, the Defendant knowingly waives the right to appeal the Defendant's conviction(s) and any sentence, including any fine, within the statutory maximum authorized by law, as well as any order of restitution entered by the Court. In addition, the Defendant agrees to waive any collateral attack to the Defendant's conviction(s) and any sentence, including any fine, pursuant to 28 U.S.C. §§ 2241 or 2255, or any other extraordinary writ, except on the issue of counsel's ineffective assistance in negotiating or entering this plea or this waiver.

---

[3] 18 U.S.C. 1153 provides that:

> (a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
>
> (b) Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

*Id.*  On October 23, 2013, Defendant was sentenced to a term of 120 months as to Count 3, and Counts 1 and 2 were dismissed on the motion of the United States.  [*Cr.Doc. 39* at 1-2].  The Court also imposed a total term of 5 years of supervised release.  *Id.* at 3.

### Discussion

In his § 2255 motion, Defendant contends that his 120-month sentence for use of a firearm during a crime of violence, in violation of 18 U.S.C. 924(c), is unconstitutional because his predicate offenses of assault with a deadly weapon and assault resulting in serious bodily injury no longer qualify as crimes of violence following the holding of *Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson 2015*").  [*Doc. 1* at 2-3].  Defendant first contends that his waiver of collateral review in his plea agreement does not bar his § 2255 motion because "[t]he government may choose not to enforce a stipulation by which the defendant forfeits his right to contest his sentence through a collateral petition."  *Id.* at 3.  Defendant contends that "enforcing a waiver entered before an unanticipated sea change in the sentencing law which would keep [Defendant] incarcerated beyond the applicable guideline sentence of the predicate crimes" would result in a miscarriage of justice.  *Id.* at 4.  Defendant also contends that, "since [he] was sentenced under a provision of law declared by the United States Supreme Court to be unconstitutionally vague, his sentence would be illegal."  *Id.*

Second, Defendant contends that the predicate crimes of assault with a deadly weapon and assault resulting in serious bodily injury do not qualify as crimes of violence under either the elements, or force, clause of § 924(c)(3)(A) or the residual clause of § 924(c)(3)(B).  *See id.* at 4-11.  Defendant contends that these offenses do not meet the definition of "crime of violence" under the force clause because they do not require proof of the use, attempted use, or threatened use of violent, physical force.  *Id.* at 7.  Defendant relies on *Johnson v. United States*,

3

559 U.S. 133, 140 (2010) ("*Johnson 2010*"), in which the Supreme Court held that the term "physical force" in the ACCA's force clause, § 924(e)(2)(B)(i), must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person" (citations omitted).  *See* [*Doc. 1* at 6-7].  Defendant contends that his predicate offenses "do not address how the bodily harm is to be carried out."  *Id.* at 7.  Specifically, Defendant argues that the elements of these statutes would be satisfied if a defendant mails a package containing anthrax to the mailroom of a large office because serious bodily injury could result from contact with the package, and that "[s]imilarly, it would be sufficient for a defendant to deliver polonium-210 via a cup of tea" because, "while a polonium-laced cup of tea is certainly a dangerous weapon, . . . possibly causing serious injury or death," the action of brewing, pouring, and sipping it "falls short of the type of activity associated with 'violence [sic] force.'" *Id.* at 8.  Finally, Defendant contends that assault with a deadly weapon and assault resulting in serious bodily injury cannot qualify as crimes of violence under the residual clause of § 924(c)(3)(B) because that clause is void for vagueness pursuant to the holding in *Johnson 2015*.  *See id.* at 8-11.  Therefore, Defendant asks the Court to vacate his conviction and 120-month sentence.  *See id.* at 11.

     In response, the Government first contends that Defendant's challenge to his conviction is procedurally barred because he failed to raise the claim in a direct appeal.  *See* [*Doc. 6* at 3-5].  The Government contends that Defendant cannot establish cause for failing to raise his claims earlier because he accepted the plea agreement and waived his right to collaterally attack his conviction, and he did not file a timely appeal on this issue.  *See id.* at 4.  The Government further contends that Defendant cannot establish prejudice or claim actual innocence because his claim under *Johnson 2015* lacks substantive merit.  *See id.* at 5.  In addition, the Government

contends that the decision in *Johnson 2015* does not impact Defendant's conviction because it does not apply to the residual clause of § 924(c)(3) (*see id.* at 5-11), and, even if it did, the predicate offenses of assault with a dangerous weapon and assault resulting in serious bodily injury are both crimes of violence under § 924(c)'s force clause (*see id.* at 11-16). Finally, the Government moves to enforce the appellate waiver in the plea agreement. *See id.* at 16-22. The Government contends that: (1) Defendant's appeal falls within the scope of the waiver (*id.* at 18); (2) Defendant knowingly and voluntarily waived his appeal rights (*id.* at 19-22); and (3) enforcing the waiver would not result in a miscarriage of justice because the waiver is not unlawful (*id.* at 22).

In reply, Defendant contends that his claim is not procedurally barred because, at the time of his sentencing, the Supreme Court had ruled twice that the residual clause of the ACCA was not unconstitutionally vague, so Defendant can establish cause for failing to raise the issue on direct appeal. *See* [*Doc. 13* at 2-3]. Defendant further contends that he is prejudiced by his sentence "because the invalidation of the residual clause of the ACCA, and by extension the invalidation of the materially indistinguishable residual clause of § 924(c), leaves [Defendant] convicted under an unconstitutional statute." *Id.* at 3. Defendant also contends that he is actually innocent of the charge under § 924(c) because "*Johnson* [*2015*] invalidates § 924(c)'s residual clause and [Defendant's] charges of assault with a dangerous weapon and assault resulting in serious bodily injury do not fall within the force clause." *Id.* at 3-4. Defendant continues to argue that the holding of *Johnson 2015* applies to the residual clause of § 924(c)(3)(B) (*id.* at 4-7), and that the crimes of assault with a dangerous weapon and assault resulting in serious bodily injury are not crimes of violence under the force clause of § 924(c)(3)(A) (*id.* at 7-11). Finally, Defendant contends that the appellate waiver in the plea agreement should not be enforced because it will

result in a miscarriage of justice because, while Defendant's sentence "did not exceed the statutory maximum, it was a dramatic increase over the otherwise applicable guideline range," and because Defendant was sentenced under a provision of law that has since been found to be unconstitutional. *Id.* at 12.

### A.     *Procedural Default*

The Government contends that Defendant's challenge to his conviction is procedurally barred because he failed to raise the claim in a direct appeal, and he cannot show cause excusing his default and actual prejudice, or that a miscarriage of justice will occur if his claim is not addressed.  *See* [*Doc. 6* at 3-5].   Generally, if a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *United States v. Hollis*, 552 F.3d 1191, 1193–94 (10th Cir. 2009) (citation and internal quotation omitted). However, the procedural default doctrine does not bar a defendant from raising a claim for the first time on collateral review when "the factual or legal basis for a claim was not reasonably available to counsel" at the time a direct appeal was or could have been filed.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).   Thus, when the factual or legal basis for a claim was not reasonably available, but later becomes available, that change in circumstances can constitute cause for a procedural default.

Prior to *Johnson 2015*, Defendant's contention that the residual clause of § 924(c) is unconstitutionally vague was unavailable, absent an overruling by the Supreme Court of its precedent.  *See Sykes v. United States*, 564 U.S. 1, 15 (2011) (holding that the residual clause of the ACCA "states an intelligible principle and provides guidance that allows a person to conform

6

his or her conduct to the law") (citation and internal quotation marks omitted). Because *Johnson 2015* provided a legal basis for Defendant's claim that was not previously available, the Court finds that Defendant has shown cause for his procedural default. The Court further finds that Defendant has established prejudice. To establish prejudice, a defendant must show that there is a reasonable probability that, without the alleged error, the result of the proceedings would have been different. *See Strickler v. Greene*, 527 U.S. 263, 289 (1999). Here, Defendant and the Government entered into a plea agreement wherein Defendant pled guilty to use of a firearm during two crimes of violence -- assault with a dangerous weapon and assault resulting in serious bodily injury. *See* [*Cr.Doc. 31*]. This agreement was based on the parties' understanding that the two predicate crimes were "crimes of violence" under § 924(c). However, if, as Defendant contends, those crimes no longer meet the definition of "crime of violence" pursuant to the holding in *Johnson 2015*, then Defendant's plea and sentence are based on a legal error, and the outcome of the proceedings would have been different but for this alleged error. Accordingly, the Court finds that Defendant has shown cause and prejudice sufficient to overcome his failure to file a direct appeal challenging his sentence, and his § 2255 motion is not barred by procedural default.

### B.     *Waiver of Collateral Attack*

Next, the Court addresses the Government's contention that the waiver in the plea agreement of Defendant's right to collaterally attack his conviction and sentence should be enforced. *See* [*Doc. 6.* at 16-22]. "[A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). An exception is made if enforcement of the waiver would result in a miscarriage of justice, which occurs only "[1] where the district court relied on an

7

impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (citations omitted). "This list is exclusive: enforcement of an appellate waiver does not result in a miscarriage of justice unless enforcement would result in one of the four situations enumerated above." *United States v. Polly*, 630 F.3d 991, 1001 (10th Cir. 2011) (citation and internal quotation marks omitted). Additionally, error does not make a waiver "otherwise unlawful" unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Hahn*, 359 F.3d at 1327 (citation, brackets and internal quotation marks omitted).

Here, it is undisputed that the plea agreement contained an explicit waiver of Defendant's right to bring a collateral challenge under § 2255 on any issue other than ineffective assistance of counsel in negotiating or entering the plea or the waiver. *See* [*Cr.Doc. 31* at 6]. Defendant does not argue that his claim falls outside the scope of the waiver or that the waiver was not knowing and voluntary, and the plea agreement reflects that Defendant acknowledged his appellate rights and knowingly waived them, and that his plea was voluntarily made. *See id.* at 6-7. Defendant also does not argue that the district court relied on an impermissible factor such as race, that his counsel was ineffective in connection with the negotiation of the waiver, or that his sentence exceeds the statutory maximum. Instead, Defendant maintains that enforcement of the waiver would result in a miscarriage of justice because he was sentenced under an unconstitutional provision of the law. *See* [*Doc. 1* at 4] ("Since [Defendant] was sentenced under a provision of law declared by the United States Supreme Court to be unconstitutionally vague, [Defendant's] sentence would be illegal."), and [*Doc. 13* at 11-12].

8

The Tenth Circuit Court of Appeals has made it clear that the error rendering a waiver "otherwise unlawful" must relate to the waiver itself, not to another aspect of the proceedings, such as the determination of the defendant's sentence. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) ("Our inquiry [under the fourth exception] is not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible."). That an error is based on a constitutional claim or an intervening change in the law does not change this analysis. *See United States v. Frazier-LeFear*, ___ F. App'x ___, 2016 WL 7240134, *3 (10th Cir. Dec. 15, 2016) (unpublished) (finding that the waiver provision in a plea agreement is enforceable to compel dismissal of a challenge to a sentence as a career offender based on the holding of *Johnson 2015*). Because Defendant has not alleged any error that relates to the waiver itself, the Court finds that the waiver is enforceable and that Defendant's claim under § 2255 is barred. Nevertheless, the Court will address the merits of Defendant's § 2255 claims in case the presiding judge disagrees with the Court's recommendation regarding Defendant's waiver of his right to collaterally attack his conviction and sentence.

### C.   *Application of* **Johnson 2015** *to § 924(c)'s Residual Clause*

Under the ACCA, an individual who violates § 922(g) (*e.g.*, being a felon in possession of a firearm or ammunition), and who has "three previous convictions . . . for a violent felony or a serious drug offense," will receive a mandatory, minimum 15-year sentence. 18 U.S.C. § 924(e). The statute defines the term "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i)   has as an element the use, attempted use, or threatened use of physical force against the person of another; or

9

>    (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)-(ii) (emphasis added). The emphasized clause is referred to as the "residual clause," and in *Johnson 2015* the Supreme Court held that the residual clause "denies fair notice to defendants and invites arbitrary enforcement by judges," and, therefore, violates the due process clause of the Constitution. *Johnson 2015*, 135 S.Ct. at 2557.

Defendant, however, did not receive an enhanced sentence under the ACCA. Instead, Defendant's sentence was enhanced under § 924(c), which mandates an enhanced sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." § 924(c)(1)(A). A "crime of violence" is defined in this subsection as:

>    [A]n offense that is a felony and--
>
>    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
>    (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A)-(B). The issue of whether the holding of *Johnson 2015* applies to the residual clause of § 924(c)(3)(B) is unsettled. While the Supreme Court in *Johnson 2015* indicated that its ruling did not place the language of other similar statutory provisions (like the § 924(c)(3)(B) residual clause) in constitutional doubt (*see* 135 S.Ct. at 2561), appellate courts have divided on the question of whether the *Johnson 2015* ruling applies to § 924(c) or similarly-worded provisions. *Cf., e.g., United States v. Taylor*, 814 F.3d 340, 375-79 (6th Cir. 2016) (declining to apply the holding of *Johnson 2015* to § 924(c)(3)(B)); and *United States v. Vivas-Ceja*, 808 F.3d 719, 721-23 (7th Cir. 2015) (finding that language in 18 U.S.C. § 16(b), which is similar to

10

§ 924(c)(3)(B), is void for vagueness). The question of whether the *Johnson 2015* holding applies to the residual clause of § 924(c) is presently pending before the Tenth Circuit in *United States v. Hopper*, 10th Cir. No. 15-2190. However, the Court finds that it need not determine in this case whether *Johnson 2015* should apply to the residual clause of § 924(c)(3)(B) because, as set forth in Section D. *infra*, the Court finds that Defendant's charges for assault with a dangerous weapon and assault resulting in serious bodily injury are crimes of violence under the force clause, § 924(c)(3)(A).

### D.     *"Crime of Violence" Under § 924(c)'s Force Clause*

To determine whether a conviction constitutes a crime of violence under the force clause, courts will ordinarily apply what is called the categorical approach, which looks only at the elements of the statute under which the defendant was convicted and does not generally consider the particular facts that the record of conviction discloses. *See United States v. Perez-Jiminez*, 654 F.3d 1136, 1140 (10th Cir. 2011) and *United States v. Wray*, 776 F.3d 1182, 1185 (10th Cir. 2015). However, in cases where a particular offense contains multiple elements listed in the alternative, a sentencing court may employ a modified categorical approach and examine a limited set of materials, including the terms of the charging document, to determine which alternative elements formed the basis of the defendant's conviction. *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016). The modified categorical approach applies here, and looking at the Indictment in Defendant's underlying criminal case [*Cr.Doc. 14*], Defendant was charged with assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) and assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6). This statute provides as follows:

> (a)     Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

11

> . . .
>
>> (3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both.
>
> . . .
>
>> (6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.

Defendant contends that his charges for assault with a dangerous weapon and assault resulting in serious bodily injury are not a crimes of violence under § 924(c)(3)(A) because they do not require proof of the use or threatened use of violent, physical force as it is defined in *Johnson 2010*. [*Doc. 1* at 7]. Defendant contends that "[n]othing in these statutes requires the use, attempted use, or threatened use of 'violent force,'" and that "the statutes do not address how the bodily harm is to be carried out." *Id.* Defendant argues that the elements of these statutes would be satisfied if a defendant mails a package containing anthrax to the mailroom of a large office because serious bodily injury could result from contact with the package. *Id.* at 8. In addition, Defendant states that:

> Similarly, it would be sufficient for a defendant to deliver polonium-210 via a cup of tea (and while a polonium-laced cup of tea is certainly a dangerous weapon, it's being brewed, poured, and sipped - possibly causing serious bodily injury or death falls short of the type of activity associated with 'violence [sic] force.'

*Id.*

The Court finds that Defendant's contentions are without merit. The Supreme Court in *Johnson 2010* held that the term "physical force" under the ACCA must be "strong physical force," "a substantial degree of force," or "*violent* force -- that is, force capable of causing physical pain or injury to another person." 559 U.S. at 140. First, the Court notes that *Johnson 2010* addressed the definition of "physical force" under the ACCA, and Defendant provides no support

12

for his contention that this holding also applies to the definition of "physical force" under § 924(c)(3)(A). Nevertheless, for the reasons set forth below, the Court finds that assault with a dangerous weapon and assault resulting in serious bodily injury under §§ 113(a)(3) and 113(a)(6) meet *Johnson 2010*'s definition of "physical force."

The Tenth Circuit has held that, since the term "assault" is not defined in 18 U.S.C. § 113(a), courts shall use the common law definition, which is: (1) an attempted battery, or (2) an act putting another in reasonable apprehension of bodily harm. *See United States v. McKinney*, 17 F. App'x 808, 811 (10th Cir. July 23, 2001) (unpublished); *see also United States v. Scott*, 3:12-cr-00051-RCJ-VPC, 2017 WL 58577, *2 (D.Nev. Jan. 4, 2017) (unpublished) (applying the common law definition of assault to § 113(a), which in the 9th Circuit is defined as: "(1) a willful attempt to inflict injury upon the person of another, also known as an attempt to commit a battery, or (2) a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm") (citations and internal quotation marks omitted), and *Owens v. United States*, No. 2:16cv463, 2016 WL 4582054, *3 (E.D. Va. Sept. 1, 2016) (unpublished) (applying the common law definition of assault to § 113(a), which in the 4th Circuit is defined as: "when a person willfully attempts to inflict injury on another, or threatens to inflict injury on another, coupled with an apparent present ability to do so, causing a reasonable apprehension of immediate bodily harm") (citations and internal quotation marks omitted). While the Tenth Circuit has not specifically addressed whether an assault under § 113(a) constitutes a crime of violence under the *Johnson 2010* definition, it has found that state assault statutes with similar definitions as the federal common law definition of assault constitute crimes of violence. For example, in *United States v. Ramon Silva*, the Tenth Circuit found that New Mexico's aggravated assault statute constitutes a "crime of

violence" under the *Johnson 2010* standard. 608 F.3d 663, 669-71 (10th Cir. 2010). The Tenth Circuit explained that aggravated assault in New Mexico is defined as "unlawfully assaulting or striking at another with a deadly weapon," and assault is defined "as an attempted battery, certain use of insulting language, or any unlawful act, threat or menacing conduct which causes another person to reasonably believe that he is in danger of receiving an immediate battery." *Id.* at 669 (citations and internal quotation marks omitted). The Tenth Circuit found that "apprehension causing" aggravated assault constitutes a crime of violence pursuant to *Johnson 2010*, and explained that "[t]hreatening or engaging in menacing conduct toward a victim, with a weapon capable of causing death or great bodily harm, threatens the use of '*violent* force' because by committing such an act, the aggressor communicates to his victim that he will potentially use '*violent* force' against the victim in the near-future," and because "'apprehension causing' aggravated assault threatens the use of '*violent* force' because the proscribed conduct always has the potential to lead to '*violent* force.'" *Id.* at 670-71; *see also United States v. Mitchell*, 653 F. App'x 639, 645 (10th Cir. June 29, 2016) (unpublished) (finding that the defendant's conviction for assault with a dangerous weapon under Oklahoma law constitutes a crime of violence pursuant to the *Johnson 2010* definition, stating that "the additional element of a deadly or dangerous weapon makes an apprehension-causing assault a crime of violence, even if the simple assault would not be").

Based on the foregoing, the Court rejects Defendant's contention that assault under §§ 113(a)(3) and 113(a)(6) are not crimes of violence. While Defendant contends that the "type of force" associated with mailing a package containing deadly toxins or preparing a poison-laced cup of tea does not meet the definition of violent force (*see Doc. 1* at 8), Defendant fails to cite to any authority that these types of crimes constitute assaults under §§ 113(a)(3) or 113(a)(6).

14

Regardless, the Court finds that such actions involve "engaging in menacing conduct toward a victim, with a weapon capable of causing death or great bodily harm," and, thus, are crimes of violence under § 924(c)(3)(A). *Ramon Silva*, 608 F.3d at 670. The Court further notes that the Tenth Circuit has found that assault resulting in serious bodily injury under § 113(a)(6) is a crime of violence within the meaning of 18 U.S.C. § 16(a), which has an identical definition as the force clause in § 924(c)(3)(A). *See United States v. Zunie*, 444 F.3d 1230, 1235 n.2 (10th Cir. 2006), and *United States v. Reano*, 298 F.3d 1208, 1209-10 (10th Cir. 2002). In addition, cases in courts outside the Tenth Circuit have found that offenses under § 113(a) constitute crimes of violence under § 924(c)(3)(A). *See Scott*, 2017 WL 58577 at *2, and *Owens*, 2016 WL 4582054 at *3. For these reasons, the Court finds that assault with a dangerous weapon under § 113(a)(3) and assault resulting in serious bodily injury under § 113(a)(6) constitute crimes of violence under § 924(c)(3)(A)'s force clause and without resort to § 924(c)(3)(B)'s residual clause. Therefore, the Court finds that Defendant's plea agreement is valid even after *Johnson 2015*.

## **Conclusion**

For the reasons stated above, the Court finds that Defendant waived his right to collaterally attack his conviction and sentence, and, therefore, recommends enforcing the waiver and dismissing Defendant's § 2255 motion on that basis. In the alternative, the Court finds that Defendant's charges for assault with a dangerous weapon under 18 U.S.C. § 113(a)(3) and assault resulting in serious bodily injury under 18 U.S.C. § 113(a)(6) constitute crimes of violence under § 924(c)(3)(A)'s force clause, and, therefore, recommends denying Defendant's § 2244 motion on that ground.

**IT IS THEREFORE RECOMMENDED** that Defendant's § 2255 motion [*Doc. 1*] be **DENIED** and that this case be **DISMISSED with prejudice**.

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**